## Anchor Motor Freight, Inc. v. Koser

*Gailey C. Keller*, for plaintiff.
*R. Michael Kaar* and *Robert E. Bull*, for defendants.

MYERS, *P.J.*, February 14, 1979—Defendants filed a petition seeking to consolidate the within action with the case instituted to no. 270 - 1978. Both actions resulted from the same motor vehicle collision.

Plaintiff in the within matter demands recovery for property damage to its vehicle, being driven at the time by Thomas E. Brady. In the second action entered to no. 270 - 1978, damages are claimed for personal injuries suffered by Thomas E. Brady. The issues in both cases are the same.

Plaintiff asserts that consolidation should not be permitted, because no. 270 - 1978 falls within the limits of compulsory arbitration. Plaintiff argues that no. 270 - 1978 is not "pending before the court," and hence is not subject to consolidation

under Pa.R.C.P. 213. This view was adopted in Purcell v. Bingham, 75 D. & C. 2d 357 (1975), and Koch v. Carroll, 48 Luz. 189 (1958). See also Pettine v. Patterson, 18 D. & C. 2d 436 (1959), and Shalamanda v. Laudeman, 18 D. & C. 2d 734 (1959).

On the other hand, in Marshall v. Couran, 23 Lawrence 7 (1965), the court permitted consolidation, even though both of the cases were pending before boards of arbitration. Consolidation was also permitted in Leftheris v. Robinson, 37 D. & C. 2d 43 (1965).

In both Marshall and Leftheris, the courts pointed out that consolidation would: (1) prevent inconsistent verdicts; (2) save time and expense for the parties involved; and (3) promote judicial efficiency. Marshall also explicitly held that the court has power to decide procedural matters which fall within the limits of arbitration.

Permitting no. 270 - 1978 to first go to arbitration under these circumstances could very well result in duplication of judicial services, as well as additional expenses for all concerned.

In our view, the rationale of Marshall and Leftheris is persuasive and is accordingly adopted by this court.

## ORDER

And now, February 14, 1979, pursuant to Pa.R.C.P. 213, it is hereby ordered that defendants' petition for consolidation be granted, and that the above-captioned matter be consolidated with the matter docketed to no. 270 - 1978.